UNITED STATES DISTRICT COURT
WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| DEBRA PALERMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00090-JFM |
| ) | |
| GLOBAL CREDIT AND COLLECTION, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, DEBRA PALERMO ("Plaintiff"), through her attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, GLOBAL CREDIT AND COLLECTION, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Erie, Erie County, Pennsylvania.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Pennsylvania.

11. Defendant is a collection agency located in Markham, Ontario

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Citi Bank

2

account.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the Citi Bank account.

21. Defendant placed collection calls to Plaintiff's father-in-law at 814-866-6954.

22. Defendant calls Plaintiff's father-in-law from telephone number 877-234-1838.

23. The telephone number of 877-234-1838 is one of Defendant's telephone numbers.

24. Defendant's collector told Plaintiff's father-in-law that Plaintiff needed to have Plaintiff's bills taken care of.

25. Plaintiff's father-in-law was not a co-signor on Plaintiff's debt and does not owe Plaintiff's debt.

26. Despite this, Defendant's collector Moses at extension 626100 placed telephone calls to Plaintiff's father-in-law in an attempt to collect on the alleged debt.

27. Defendant disclosed Plaintiff's alleged debt to Plaintiff's father-in-law.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA when Defendant communicated with Plaintiff's father-in-law, a third party, without Plaintiff's permission, in an attempt to collect a debt.

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for

statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DEBRA PALERMO, respectfully requests judgment be entered against Defendant, GLOBAL CREDIT AND COLLECTION, INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

April 11, 2014         By: /s/ Michael A. Siddons_____
                                      Michael A. Siddons
                                        Attorney #89018
                                        The Law Firm of Michael Alan Siddons, Esquire
                                        16 West Front Street
                                        Media, PA 19063
                                        Tel: 484-614-6546
                                        msiddons@siddonslaw.com
                                        Attorney for Plaintiff